# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

RICKY WILLARD LOWERY,    )
          #2819915,    )
                        )    CIVIL ACTION NO. 9:09-2352-CMC-BM
            Petitioner,    )
                        )
v.                       )
                        )    **REPORT AND RECOMMENDATION**
                        )
WARDEN, MCCORMICK       )
CORRECTIONAL INSTITUTION,  )
                        )
          Respondent.    )
_____)

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on September 1, 2009.[1]

The Respondent filed a return and motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on January 6, 2010. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on January 8, 2010, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

On February 1, 2010, Petitioner filed a memorandum in opposition to summary judgment and then, on April 8, 2010, filed an amended response. This matter is now before the Court

---

[1]See Houston v. Lack, 487 U.S. 266, 270-276 (1988).



for disposition.[2]

## **Procedural History**

Petitioner was indicted in the October 2005 term of the Spartanburg County Court of General Sessions for first degree burglary and grand larceny [Indictment No. 05-GS-40-4610 & 4608]. (R.pp. 78-79, 84-85). Subsequently, at the February 2006 term, the Spartanburg Grand Jury also indicted Petitioner for receiving stolen goods and failure to stop for a blue light [Indictment No. 06-GS-40-802 & 804]. (R.pp. 80-83). Petitioner was represented by Assistant Public Defender Joshua Schultz, and on July 26, 2006, pled guilty to these charges under North Carolina v. Alford, 400 U.S. 25 (1970). See (R.pp. 1-22). Pursuant to the plea agreement, the State agreed to dismiss other charges then pending against the Petitioner. (R.p. 23). Petitioner was sentenced to concurrent sentences of twenty (20) years for burglary, five (5) years for grand larceny, thirty (30) days for receiving stolen goods, and three (3) years for failure to stop. (R.p. 24).

Petitioner's counsel filed a timely appeal. See Notice of Intent to Appeal, dated August 3, 2006. However, by affidavit dated May 29, 2007, the Petitioner informed the Court of Appeals of his desire to end his appeal; (R.p. 72)[3]; and on June 6, 2007, his appeal was dismissed. See Order filed June 6, 2007.

Petitioner then filed a pro se Application for Post Conviction Relief ("APCR") in

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]This fact is set forth in the PCR court's order and has not been disputed by the Petitioner. See also (R.p. 36)



state circuit court on or about June 11, 2007.[4]  <u>Lowery v. State of South Carolina</u>, No. 2007-CP-42-2091.  (R.pp. 28-34).  Petitioner raised the following issues in his APCR:

**Ground One:**  Involuntary Coerced Guilty Plea.

**Ground Two:** Ineffective Assistance of Appointed Counsel.

**Ground Three:** The Lack of Subject Matter Jurisdiction on 1st Degree Burglary charge.

(R.p. 30).

Petitioner was represented in his APCR by Hattie D. E. Boyce, Esquire, and an evidentiary hearing was held on November 9, 2007.  (R.pp. 40-70).  The PCR Judge orally denied relief at the conclusion of the hearing, which was followed by an order filed June 15, 2008, denying Petitioner's petition in its entirety.  (R.pp. 71-77).

Petitioner appealed the denial of his APCR, and was represented in his appeal by M. Celia Robinson, Appellate Defender with the South Carolina Commission on Indigent Defense, who raised the following issue:

Did the PCR judge err in denying relief where, as the result of ineffective assistance of counsel, petitioner's guilty plea to the charge of burglary in the first degree was not knowing and voluntary?

<u>See</u> Petition, p. 2.

On June 10, 2009, the South Carolina Supreme Court denied certiorari.  <u>See</u> <u>Lowery v. State</u>, Order dated June 10, 2009.  The Remittitur was sent down on June 29, 2009.  <u>See</u> Remittitur (dated June 29, 2009).

Petitioner then filed this federal habeas corpus petition, raising the following issues:

---

[4]Petitioner's APCR is dated June 11, 2007.  It is difficult to discern the actual filing date from the copy in the record, although Respondent contends it was filed June 15, 2007.



**Ground One**: Ineffective Assistance of Counsel.

**Supporting Facts**: I was denied my constitutionally guaranteed right to effective assistance of counsel when my attorney failed to investigate and never explored an option for me other than a North Carolina v. Alford plea to a crime I told him I did not commit and if my attorney had not been unprofessional I would have [went] to trial and the result of the proceeding would have been different.

**Ground Two:** Petitioner's guilty plea to the charge of burglary in the first degree was not knowing and voluntary.

**Supporting Facts**: I would not have plea an North Carolina v. Alford plea if my counsel had told me that the plea was the same as a guilty plea now why would I pled to something I did not do as I told my counsel all along and he knew that for a fact. But he kept on about the Alford plea and when I told him I would he told me when you go in front of the Judge just answer him Yes Sir and No Sir.

**Ground Three:** Involuntary Coerced Guilty Plea.

**Supporting Facts**: Upon learning of the absence of any evidence that I was involved in the burglary other than the mere fact that I was found in possession of the fellow stolen car, counsel should have undertaken investigation in order to prepare for trial as plea expert Cheeks had stated but counsel decision to encourage me into enter an Alford plea rather than performing an adequate investigation.

See Petition, p. 6-9.

### Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume

4



the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

## I.

In Ground One of his Petition, Petitioner contends that his counsel was ineffective for failing to investigate and explore options for Petitioner other than his <u>Alford</u> plea. This issue was raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition. <u>Butler v. State</u>, 334 S.E.2d 813, 814 (S.C. 1985), <u>cert. denied</u>, 474 U.S. 1094 (1986).

The PCR court rejected this claim, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. <u>See</u> <u>Lowery v. South Carolina</u>, No. 07-CP-42-2091. Specifically, the PCR judge found that: 1) the Petitioner was not credible, while Petitioner's counsel was credible; 2) Petitioner has failed to present any evidence of how further investigation would have benefited him; 2) mere speculation is not enough to constitute ineffective assistance of counsel for failure to investigate; 3) counsel was not ineffective for failing to explain the nature of an <u>Alford</u> plea to the Petitioner; 4) counsel testified that he did explain the nature of this type of plea and its difference from a guilty plea; 5) counsel's explanation was sufficient; 6) counsel testified that he did, in fact, tell Petitioner he would be sentenced on the charge of burglary, first degree charge; 7) the plea judge also asked if Petitioner understood that he could receive fifteen (15) years to life for the burglary charge; 8) Petitioner affirmed that he understood this possibility; 9) counsel testified that he explained the elements of burglary, first degree, to Petitioner; and 10) Petitioner's counsel was not ineffective. (R.pp. 75-76).

Substantial deference is to be given to the state court's findings of fact. <u>Evans v. Smith</u>, 220 F.3d 306, 311-312 (4th Cir. 2000), <u>cert. denied</u>, 532 U.S. 925 (2001) ["We . . . accord



state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of

6



review in considering Petitioner's ineffective assistance of counsel claims.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Strickland</u>, 466 U.S. at 694. In <u>Strickland</u>, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. Further, where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985). Here, after careful review of the record and the arguments presented, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard. <u>Smith v. North Carolina</u>, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

Petitioner testified that he only met with counsel twice. (R.pp. 51-52). Petitioner testified that, although he was driving the stolen car, that he thought that it belonged to someone who he had sold drugs to and that person gave him permission to drive it. (R.pp. 44-46). Petitioner also testified that he was not aware of the stolen items in the trunk (from the burglary) and did not commit the burglary. (R.p. 45). He then testified that the testimony about him selling items in a pawn shop was just hearsay and nothing factual, and that if his counsel had investigated, he would



7

have discovered that the prosecution had "twisted things around", and that there was really no evidence to convict him. (R.pp. 49-50). Finally, Petitioner testified that he did not understand what an <u>Alford</u> plea was, and did not know he could still be sentenced for the burglary charge. (R.pp. 47-48).

Petitioner's counsel testified that he went over the charges with the Petitioner and the elements of the charges, as well as the possible punishments. (R.pp. 60-61). Counsel also testified that he explained what an <u>Alford</u> plea was, and that he met with the Petitioner four to five times and explained to Petitioner the possible sentences. (R.pp. 61-62). If Petitioner had not wanted to plead guilty, counsel testified that he was prepared for trial. (R.p. 62). Counsel testified that he did not guarantee Petitioner any particular sentence, and that there were a lot of things linking the Petitioner to the burglary, including items of stolen property. (R.pp. 62, 65). The PCR court found that trial counsel was not ineffective, that his testimony was credible, and that although Petitioner testified at the PCR hearing that his counsel should have further investigated matters, he offered no evidence to show how further investigation would have benefitted him other than mere speculation, which is not sufficient to show ineffective assistance of counsel for failure to investigate. (R.pp. 75-76).

The undersigned can find no basis in the record or the applicable caselaw to overturn the findings of the state court with regard to the adequacy of counsel's investigation. <u>Evans</u>, 220 F.3d at 312. Petitioner has also failed to show that, even if his counsel had further investigated, he would not have proceeded with the guilty plea. To the contrary, other than his own unsupported speculation, Petitioner has offered no evidence to show how any further pre-trial investigation would have helped his case. <u>See</u> <u>generally</u> <u>Bassette v. Thompson</u>, 915 F.2d 932, 940-941 (4th Cir. 1990)[Petitioner's allegation that attorney did ineffective investigation does not support relief absent



proffer of the supposed witness's favorable testimony]; <u>Zettlemoyer v. Fulcomer</u>, 923 F.2d 284, 298 (3d Cir. 1991)[Petitioner cannot show deficiency "based on vague and conclusory allegations that some unspecified and speculative testimony might have established his defense", rather, facts must be presented]. Accordingly, Petitioner has failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. <u>Evans</u>, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; <u>Bell v. Jarvis</u>, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence].

This claim is without merit and should be dismissed.

## II.

In Ground Two of his Petition, Petitioner contends that his guilty plea was involuntary because he did not commit burglary, 1st degree, and did not intend to plead guilty to that charge, while in Ground Three, Petitioner contends that his guilty plea was involuntary because he was coerced into pleading guilty because his counsel failed to adequately investigate his case. These claims basically mirror his first ground for relief, and were rejected by the state court. (R.pp. 75-76). The undersigned can find no basis in the record on which to overturn the state court decision.

The record reflects that the Petitioner voluntarily and knowingly entered his plea of guilty in open court. Petitioner specifically stated that he understood he was pleading guilty to the burglary charge (as well as the other charges); that by pleading guilty he understood that he could



be sentenced between fifteen (15) years to life; that burglary, 1st degree, is considered a violent and serious offense; and that he had been able to discuss with his lawyer the consequences and ramifications of the charge being classified as a violent and most serious offense. (R.pp. 4, 10-11). The Petitioner also affirmed that he understood the potential sentences for the other offenses. (R.pp. 11, 16-17). Petitioner testified that he was satisfied with the work of his lawyer, that he had enough time to talk with his lawyer about the facts behind these indictments, and that he understood the nature of the elements of the offenses that he was charged with and any possible defenses. (R.pp. 12-13). Petitioner also testified that he was entering the plea freely and voluntarily. (R.p. 13). Petitioner affirmed that he was giving up his right to remain silent, to a trial by a jury, to confront the victim and witnesses, to have the state convince the jury of his guilt beyond a reasonable doubt, and that his answers in his plea were truthful and honest. (R.pp. 13-15). In addition to this testimony wherein Petitioner admitted his guilt, Counsel's testimony at Petitioner's evidentiary hearing also fails to reveal any ineffective assistance of counsel. (R.pp. 60-68).

The United States Supreme Court has ruled that "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings...The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977). Here, the Petitioner has not provided the Court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court. Statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. <u>Via v.</u>



<u>Superintendent, Powhatan Correctional Center</u>, 643 F.2d 167, 171 (4th Cir. 1981). Petitioner has provided no evidence to show ineffective assistance of counsel in his case. <u>See</u> discussion, <u>supra</u>.

The record shows that Petitioner had been advised by trial counsel, and that the consequences of his plea were fully explained to him by the Court. The record also clearly shows that Petitioner was given every opportunity to change his mind. Additionally, the record shows that Petitioner denied he had been coerced or forced to act in any manner concerning his plea. Hence, the record shows that Petitioner chose to enter a plea of guilty, and did so freely and voluntarily. <u>Little v. Allsbrook</u>, 731 F.2d 238 (4th Cir. 1984); <u>U.S. v. Futeral</u>, 539 F.2d 329 (4th Cir. 1975); <u>Brady v. United States</u>, 397 U.S. 742 (1970) (pleading guilty to avoid a reasonable possibility of receiving a greater sentence does not constitute a coerced plea); <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969); <u>North Carolina v. Alford</u>, 400 U.S. at 37 [Plea of guilty may be accepted even when the Defendant asserts his innocence where the Defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt].

Petitioner has also failed to show that the state court's rejection of these claims was unreasonable. <u>Evans</u>, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; <u>Williams v. Taylor</u>, <u>supra</u>. <u>Bell</u>, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. Accordingly, Petitioner has not shown that he is entitled to relief on these claims, and they should be dismissed.



## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that this petition be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

May 20, 2010
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

